IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICIA MILLER,** *as administrator of the Estate of DeCarlo Primm,* | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **LAWRENCE CORRECTIONAL CENTER,** *et al.*, | ) ) ) ) |
| **Defendant.** | ) |

Case No. 3:14-cv-01071-SMY-PMF

**ORDER**

**FRAZIER, Magistrate Judge:**

Before the Court is the Motion to Quash Subpoena filed by the Illinois Department of Corrections ("IDOC"). On April 20, 2015 the Plaintiff sent IDOC a subpoena duces tecum. IDOC filed its Motion to Quash on May 4, 2015. IDOC argues that the subpoena is unduly burdensome and that it seeks the disclosure of protected information. IDOC is not a party in this case. The subpoena in question was sent to "Counsel for IDOC" at "100 W. Randolph St., 13th Fl., Chicago, IL 60601." The subpoena commands the production of document at the offices of Plaintiff's Counsel of Loevy & Loevy at "312 N. May St., Ste. 100, Chicago, IL 60607." Rule 45(d)(3)[1] of the Federal Rules of Civil Procedure states that orders quashing or modifying a subpoena are to be issued in "the court for the district where compliance is required." Because compliance is required in the geographic region of the United States District Court for the Northern District of Illinois, the United States District Court for the Southern District of Illinois does not have the authority to quash, modify or enforce the Plaintiff's subpoena. IDOC's Motion to Quash is DENIED.

    IT IS SO ORDERED.
    DATED:   May 5, 2015 .

                                              *s/Philip M. Frazier*
                                              **PHILIP M. FRAZIER**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[1] Rule 45 was amended in 2013. Prior to 2013, a subpoena for production or inspection was to be issued "from the court for the district where the production or inspection is to be made." The issuing court would then have the authority to quash or modify the subpoena. Under the current Rule 45, a subpoena must be issued "from the court where the action is pending." The district court "where compliance is required" has the authority to quash or modify the subpoena. The current Rule 45 also includes a provision for transferring subpoena related motions. *See* Fed. R. Civ. P. 45(f).